1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LILY CERVANTES,                          No.  2:15-CV-00060-KJM-AC

12                   Plaintiff,

13          v.                                 ORDER

14   STOCKTON UNIFIED SCHOOL
     DISTRICT, and DOES I through X,
15   inclusive,[1]

16                   Defendants.

17

18

19          Lily Cervantes is the former Executive Director of Legal Affairs for defendant

20   Stockton Unified School District (the District).  Her complaint alleges discrimination on the basis

21   _____

22          [1] The Ninth Circuit has held that if a defendant's identity is not known before the
     complaint is filed, a "plaintiff should be given an opportunity through discovery to identify the
23   unknown defendants."  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quotation
     marks omitted) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Plaintiff is
24   warned, however, that Doe defendants will be dismissed if "it is clear that discovery would not
     uncover the[ir] identities or that the complaint would be dismissed on other grounds."  *Id.*
25   (quotation marks omitted) (quoting *Gillespie*, 629 F.2d at 642).  She is also warned that Federal
     Rule of Civil Procedure 4(m) is applicable to Doe defendants.  That rule provides the court must
26   dismiss defendants who have not been served within 120 days after the filing of the complaint
     unless good cause is shown.  *See Glass v. Fields*, No. 09-00098, 2011 U.S. Dist. LEXIS 97604
27   (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS
     109837, at *2–4 (N.D. Cal. Sep. 27, 2011).
28
                                              1

1   of race, sex, and age in violation of federal and California law.  The District has moved to dismiss

2   under Federal Rule of Civil Procedure 12(b)(6).  The court held a hearing on May 8, 2015, at

3   which Benjamin J. Siegel appeared for Ms. Cervantes, and Lynn Garcia appeared for the District.

4   The motion is granted in part, as explained below.

5   I.      BACKGROUND

6               For purposes of this motion, the court assumes the complaint's allegations are true.

7   *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Lily Cervantes is an Hispanic woman

8   of Mexican national origin born in 1954.  First Am. Compl. ¶ 11, ECF No. 5.  She speaks English

9   as her first language.  *Id.* ¶ 14.  She began working for the District in 2007 as Director of

10  Employee/Labor Relations, *id.* ¶ 8, and was promoted in 2009 to Executive Director of Legal

11  Affairs, *id.* ¶ 9.  Her responsibilities as Executive Director included, for example, advising the

12  District's Superintendent, his cabinet, the human resources department, and site administrators on

13  a variety of legal questions, including personnel matters, labor relations, and disciplinary matters.

14  *Id.*  She also ensured the District's compliance with federal law, including laws related to

15  disability accommodations and medical leave, helped draft personnel policies, investigated

16  employee and labor union complaints, and helped draft employment agreements.  *Id.*

17              Cervantes alleges she was highly regarded for her exemplary job performance.

18  *Id.* ¶ 10.  Her complaint includes quotations from a January 2011 performance evaluation praising

19  her insight and "stellar behavior," noting the "substantial impact" she made in training, and

20  describing her excellent work with labor groups and efforts to "keep[] the District out of

21  litigation."  *Id.*

22              In 2012, the District hired Steven Lowder, a white male, as Superintendent.

23  *Id.* ¶ 12.  Lowder treated Cervantes differently than he treated other employees.  *Id.* ¶ 13.  He

24  focused on her without justification and criticized her systematically.  *Id.* ¶ 15.  To describe his

25  behavior, the complaint relates two anecdotes.  First, after a public speaking engagement, Lowder

26  suggested Cervantes spoke inarticulately and with a Spanish accent; however, English is

27  Cervantes's first language, and she is very articulate.  *Id.* ¶ 14.  Lowder compared Cervantes to

28  another Hispanic woman who spoke English inarticulately as a second language, and he

1    suggested this second woman "gets it" and "knows what to do." *Id.*  Second, the complaint

2    describes how Lowder yelled at Cervantes and second-guessed her legal opinions on simple and

3    well-established questions. *Id.* ¶ 15.  He demanded she research basic legal issues. *Id.*  At least

4    once Lowder consulted with an outside attorney, who concurred with Cervantes's opinion. *Id.*

5          Aside from these specific allegations, the complaint also charges Lowder with

6    unspecified acts of discrimination and prejudice. *See, e.g.*, *id.* ¶ 13 ("Mr. Lowder . . . made

7    several discriminatory and prejudicial comments."); *id.* ¶ 14 ("Mr. Lowder made other sexually

8    and racially charged, and inappropriate, statements to plaintiff and others."); *id.* ¶ 16 ("Mr.

9    Lowder also mistreated other employees based on their race, sex, and/or age.").  In addition to

10   Lowder's alleged mistreatment of Cervantes in particular, the complaint alleges without detail his

11   mistreatment of other District employees. *Id.* ¶ 16.  "On information and belief," several of these

12   "older, minority, and/or female employees" have filed complaints against him, have provided the

13   District's board with information about his discriminatory conduct, and have alleged he made

14   employment decisions on the basis of race, gender, and age. *Id.*

15         On April 1, 2014, Cervantes received a notice her employment would be

16   terminated as of July 1, 2014. *Id.* ¶ 17.  The notice explained the District lacked funds and work

17   for her. *Id.*  According to an unnamed "high level managerial employee," however, these reasons

18   were pretext for Lowder's desire to be rid of her on account of her race, sex, and age. *Id.* ¶ 18.

19   Cervantes's last day at the District was July 1, 2014. *Id.* ¶ 19.

20         Cervantes filed her original complaint in this court on January 9, 2015, ECF No. 1,

21   and the first amended complaint on February 13, 2015, ECF No. 5.  She alleges discrimination on

22   the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

23   § 2000e, *et seq.*; discrimination on the basis of age in violation of the Age Discrimination in

24   Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*; and discrimination on the basis of race, sex,

25   and age in violation of the California Fair Employment and Housing Act (FEHA), Cal. Gov't

26   Code § 12900 *et seq.*  Her complaint seeks damages, attorneys' fees, costs, pre- and post-

27   judgment interest, reinstatement, and injunctive relief.  First Am. Compl. 11–12.

28

3

Before filing its motion to dismiss, the District corresponded with Cervantes's counsel, and she agreed to dismiss her third claim for relief under the ADEA, her request for liquidated damages under the ADEA, and her request for reinstatement.[2] *See* Mem. P. & A. Mot. Dismiss (Mem.) 3, ECF No. 9-1; Schachter Decl. Exs. A, B, ECF No. 9-2; Opp'n 4, ECF No. 10. In light of this agreement, Cervantes's claim for relief under the ADEA, her request for liquidated damages under the ADEA, and her request for reinstatement are dismissed.

On March 30, 2015, the District filed this motion.  Mot. Dismiss, ECF No. 9.  The District's motion is straightforward: it argues the complaint includes insufficient factual allegations to state a claim for discrimination, whether on the basis of race, sex, or age, regardless of its foundation in federal or state law.  Mem. 5–6.  Cervantes filed an opposition, Opp'n, ECF No. 10, and the District replied, Reply, ECF No. 14.  In its reply, the District withdrew its motion with respect to Cervantes's federal and California race discrimination claims, *id.* at 1, leaving intact its challenges of her federal- and state-law claims for discrimination on the basis of sex and her state-law claim for discrimination on the basis of age, *id.* at 2–3.

II.      LEGAL STANDARD

A defendant may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  The court assumes these factual allegations are true and draws reasonable inferences from them.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*,

---

[2] The parties agree Cervantes's agreement to dismiss her request for reinstatement does not impair her ability to pursue other forms of relief, including, for example, "front pay."  *See* Mem. P. & A. Mot. Dismiss 3, ECF No. 9-1 (citing *Cassino v. Reichhold Chems. Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1987)); Opp'n 4, ECF No. 10 (same).

556 U.S. at 678. In the same vein, conclusory or formulaic recitations of a cause's elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

III.   DISCUSSION

For purposes of this order, federal and California employment discrimination laws do not materially differ, and California courts consider federal decisions in resolving cases of discrimination under the FEHA. *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 (2000). The California Supreme Court has expressly adopted the burden-shifting test of *McDonnell Douglas Corp. v. Green. Id.* (citing 411 U.S. 792 (1973)). That familiar test proceeds in three steps, as described by the United States Supreme Court in a subsequent case:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981) (quoting *McDonnell Douglas*, 411 U.S. at 802).

Here, the District argues the complaint states no *prima facie* case of discrimination. Mem. 5–6. The particulars of a *prima facie* case of discrimination vary from one case to the next, *Burdine*, 450 U.S. at 253 n.6; *Guz*, 24 Cal. 4th at 355, but the California and United States Supreme Courts have endorsed a similar, general showing: the plaintiff, a member of a protected class, was qualified for a position and suffered an adverse employment action in circumstances that suggest a discriminatory motive. *See McDonnell Douglas*, 411 U.S. at 802; *Guz*, 24 Cal. 4th at 355. Ultimately, plaintiffs must commonly resort to circumstantial evidence of a discriminatory motive. *See, e.g.*, *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983) ("There will seldom be 'eyewitness' testimony as to the employer's mental processes."). Even at summary judgment, the evidentiary burden is "minimal." *Wallis v. JR. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).

1    The *McDonnell Douglas* requirements for a *prima facie* case do not supplant the

2    pleading standard applicable in resolving a Rule 12(b)(6) motion.  *See Swierkiewicz v. Sorema*

3    *N.A.*, 534 U.S. 506, 511 (2002); *Banks v. Yoke's Foods, Inc.*, No. 14-0319, 2014 WL 7177856, at

4    *5 (E.D. Wash. Dec. 16, 2014); *cf. Twombly*, 550 U.S. at 569–70 (explaining the consistency of

5    *Swierkiewicz* of its holding); *but see Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir.

6    2009) ("We have to conclude, therefore, that because [*Conley v. Gibson*, 355 U.S. 41 (1957),] has

7    been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz*, at least insofar

8    as it concerns pleading requirements and relies on *Conley*.").[3]  A motion to dismiss tests only the

9    complaint's "legal sufficiency," *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); in this

10   context, a complaint must survive a motion to dismiss if it pleads a plausible *prima facie* case of

11   discrimination, *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 & n.2 (9th Cir. 2012)

12   (citing with approval *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[T]he

13   plaintiff must give enough details about the subject-matter of the case to present a story that holds

14   together. . . . [I]n many straightforward cases, it will not be any more difficult today for a plaintiff

15   to meet that burden than it was before the [Supreme] Court's recent decisions.")). District courts

16   in this circuit regularly look to the elements of a *prima facie* case to inform a decision on a

17   motion to dismiss.  *See, e.g.*, *Jinadasa v. Brigham Young Univ.-Hawaii*, No. 14-00441, 2015 WL

18   3407832, at *3 (D. Haw. May 27, 2015) (noting "the elements of a *prima facie* case . . . are a

19   useful tool in assessing whether [the plaintiff] meets the requirement in Rule 8(a)" and collecting

20   cases).

21   Under both federal and California law, a *prima facie* case of discrimination on the

22   basis of sex consists of evidence of membership in a protected class, satisfactory job

23

24

25   [3] In any event, the court declines to find the Supreme Court has overruled *Swierkiewicz*
silently by implication.  *See, e.g.*, *Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("We reaffirm that
26   if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected
in some other line of decisions, the [lower courts] should follow the case which directly controls,
27   leaving to this Court the prerogative of overruling its own decisions." (citation and quotation
marks omitted)).

28

performance, an adverse employment action, and evidence of discriminatory motive.[4] *See, e.g.,*
*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002); *Vasquez v. Cnty. of*
*L.A.*, 349 F.3d 634, 640 (9th Cir. 2003); *Guz*, 24 Cal. 4th at 355.  The California-law
requirements for an age-discrimination claim are the same, but require the plaintiff be forty years
of age or older at the time of the adverse employment action.  *Stevenson v. Superior Court*, 16
Cal. 4th 880, 905 (1997).

        Cervantes's allegations frame a plausible case of discrimination on the basis of her
sex or age.  She alleges (1) she is a woman born in 1954 who performed her job well, First Am.
Compl. ¶¶ 10–11, (2) Lowder made "discriminatory and prejudicial comments," *id.* ¶ 13, "treated
[her] differently on the basis of her race, sex, and/or age," *id.*, "mistreated other employees based
on their race, sex, and/or age," *id.* ¶ 16, demoted other employees over forty years old, *id.*, and
other "older, minority, and/or female employees" have filed complaints against him, *id.*;
(3) Lowder unduly focused on her, criticized her, yelled at her at meetings, questioned her well-
founded legal opinions, and second-guessed her work, *id.* ¶ 15; (4) she was terminated, *id.* ¶ 19;
and (5) a managerial employee told her Lowder terminated her based on sex and age, in addition
to race, *id.* ¶¶ 17–18.  Her theory is straightforward: She, a woman over forty, was qualified for
her job and was terminated in circumstances that suggest Lowder's discriminatory motive.

        Cervantes need not hypothesize whether Lowder's criticisms, mistreatment, and
mistrust were founded on her age or sex, or a combination of these factors; they are not mutually
exclusive.  *See Salach v. Level (3) Commc'ns, Inc.*, No. 03-3712, 2004 WL 2203471, at *9–10
(N.D. Cal. Sept. 24, 2004).  The complaint embodies a "short and plain statement" of her case and
affords the District adequate notice of the action it must defend.

        The defendants' concern that plaintiff will not be forthcoming with the information
supporting her claims can be addressed by a discovery plan to prevent prejudice to the District's
litigation of the case.

---

[4] Courts commonly look for evidence the employer filled the position with a similarly
qualified member of the opposite sex or continued the search for applicants of comparable
qualifications.  *See, e.g.*, *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th
Cir. 2005).

1    IV.    <u>CONCLUSION</u>

2            The court orders as follows:

3            (1) Plaintiff's claims for relief under the ADEA, request for liquidated damages

4    under the ADEA, and request for reinstatement are DISMISSED with prejudice.

5            (2) In all other respects, the motion to dismiss is DENIED.

6            (3) The District shall file an answer within fourteen days.

7            (4) The parties shall file a joint status report no less than seven days before the

8    status conference currently set for August 13, 2015.  *See* Minute Order, ECF No. 16.  In this

9    report the parties shall propose a discovery plan to ensure the defendants' prompt discovery of the

10   information underlying plaintiff's allegations.

11           This order resolves ECF No. 9.

12           IT IS SO ORDERED.

13   DATED:  June 3, 2015.

14

15   _____
     UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

8